Michael Faillace [MF-8436]

Michael Faillace & Associates, P.C.

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

HERMINIO RODRIGUEZ (a.k.a. ANGEL), *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

NORMANS CAY GROUP LLC (d/b/a LAS'LAP), SCOTT ROBERT WILLIAMS, VINCENT BRYANT, and NICHOLAS SEMKIW,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiff Herminio Rodriguez (a.k.a. Angel) ("Plaintiff Rodriguez" or "Mr. Rodriguez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace Esq., upon his knowledge and belief, and as against Normans Cay Group LLC (d/b/a Las'Lap), ("Defendant Corporation"), Scott Robert Williams, Vincent Bryant, and Nicholas Semkiw, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Rodriguez is a former employee of Defendants Normans Cay Group LLC(d/b/a Las'lap), Scott Robert Williams, Vincent Bryant, and Nicholas Semkiw.

2. Defendants own, operate, or control a Jamaican restaurant/bar, located at 74 Orchard Street, New York, New York 10002 under the name "Las'Lap".

3. Upon information and belief, individual Defendants Scott Robert Williams, Vincent Bryant, and Nicholas Semkiw, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Rodriguez was an employee of Defendants.

5. Plaintiff Rodriguez was ostensibly employed as a barback. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cutting fruits, preparing juices and cleaning the entire business, hereafter the ("non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff Rodriguez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Rodriguez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Rodriguez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants employed and accounted for Plaintiff Rodriguez as a barback in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10. Regardless, at all relevant times, Defendants paid Plaintiff Rodriguez at a rate that was lower than the required tip-credit rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rodriguez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rodriguez's actual duties in payroll records by designating them as a barback instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Rodriguez at the minimum wage rate and enabled them to pay them at the lower tip-credit rate (which they still failed to do).

13. Defendants' conduct extended beyond Plaintiff Rodriguez to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rodriguez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiff Rodriguez now brings this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rodriguez's state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Jamaican restaurant/bar located in this district. Further, Plaintiff Rodriguez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18. Plaintiff Herminio Rodriguez (a.k.a. Angel) ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Queens County, New York.

19. Plaintiff Rodriguez was employed by Defendants at Las'lap from approximately July 2022 until on or about January 20, 2025.

20. Plaintiff Rodriguez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21. At all relevant times, Defendants own, operate, or control a Jamaican restaurant/bar, located at 74 Orchard Street, New York, New York 10002under the name "Las'lap".

22. Upon information and belief, Normans Cay Group LLC(d/b/a Las'lap) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 74 Orchard Street, New York, New York 10002.

23. Defendant Scott Robert Williams is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Scott Robert Williams is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant

Scott Robert Williams possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Vincent Bryant is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vincent Bryant is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vincent Bryant possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Nicholas Semkiw is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nicholas Semkiw is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nicholas Semkiw possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26. Defendants operate a Jamaican restaurant/bar located in the Lower East Side section of Manhattan in New York City.

27. Individual Defendants, Scott Robert Williams, Vincent Bryant, and Nicholas Semkiw, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff Rodriguez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rodriguez, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff Rodriguez (and all similarly situated employees) and are Plaintiff Rodriguez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff Rodriguez and/or similarly situated individuals.

32. Upon information and belief, Individual Defendants, Scott Robert Williams, VINCENT BRYANT, and Nicholas Semkiw, operate Defendant Corporation as either alter egos of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff Rodriguez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rodriguez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rodriguez's services.

34. In each year From 2022 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36. Plaintiff Rodriguez is a former employee of Defendants who was employed as a barback. However, he spent more than 20% of each shift performing the non-tipped duties described above.

37. Plaintiff Rodriguez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Herminio Rodriguez (a.k.a. Angel)*

38. Plaintiff Rodriguez was employed by Defendants from approximately July 2022 until on or about January 20, 2025.

39. Defendants ostensibly employed Plaintiff Rodriguez as a barback.

40. However, Plaintiff Rodriguez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41. Although Plaintiff Rodriguez ostensibly was employed as a barback, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42. Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43. Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

44. Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

45. From approximately July 2022 until on or about January 20, 2025, Plaintiff Rodriguez worked as a barback from approximately 4:00 p.m. until on or about 3:00 a.m. Saturdays, Sundays and Mondays, and from approximately 7:00 p.m. until on or about 6:00 a.m on Fridays (typically 44 hours per week).

46. Throughout his employment, Defendants paid Plaintiff Rodriguez his wages either by check or through direct deposit.

47. From approximately July 2022 until on or about January 20, 2025, Defendants paid Plaintiff Rodriguez $10.00 per hour.

48. Defendants never granted Plaintiff Rodriguez any breaks or meal periods of any kind.

49. Defendants never notified Plaintiff Rodriguez that his tips were being included as an offset for wages.

50. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rodriguez's wages.

51. For approximately one week in 2025 , Defendants did not pay Plaintiff Barrios the wages he was owed for his work.

52. Specifically, at present, Defendants are refusing to pay a check cashing company $1070.95, the paycheck they gave Plaintiff for the week ending on January 14, 2025; the check cashing company has required Plaintiff to pay them back the amount he cashed for the paycheck.

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Rodriguez an accurate statement of wages, as required by NYLL 195(3).

55. Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56. As a result of Defendants' failure to provide Plaintiff Rodriguez with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rodriguez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

58. Plaintiff Rodriguez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59. Defendants required Plaintiff Rodriguez and all other barbacks to perform general non-tipped tasks in addition to their primary duties as barbacks. Plaintiff Rodriguez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

60. Plaintiff Rodriguez and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

61. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Rodriguez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

62. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

63. The barback's duties were not incidental to his occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

64. Defendants failed to inform Plaintiff Rodriguez who received tips that Defendants intended to take a deduction against Plaintiff Rodriguez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

65. Defendants failed to inform Plaintiff Rodriguez who received tips, that his tips were being credited towards the payment of the minimum wage.

66. Defendants failed to maintain a record of tips earned by Plaintiff Rodriguez who worked as a barback for the tips he received.

67. Plaintiff Rodriguez and all other tipped workers were paid at a rate that was below the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because they were sharing these tipped workers' and Plaintiff Rodriguez's tips with non-tipped workers.

68. In violation of federal and state law as codified above, Defendants classified Plaintiff Rodriguez and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

69. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rodriguez (and similarly situated individuals) worked, and to avoid paying Plaintiff Rodriguez properly for his full hours worked.

71. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rodriguez and other similarly situated former workers.

73. Defendants failed to provide Plaintiff Rodriguez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74. Defendants failed to provide Plaintiff Rodriguez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

75. As a result of Defendants' failure to provide Plaintiff Rodriguez and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

76. Plaintiff Rodriguez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

77. At all relevant times, Plaintiff Rodriguez and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

78. The claims of Plaintiff Rodriguez stated herein are similar to those of the other employees.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

79. Plaintiff Rodriguez sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

80. Plaintiff Rodriguez brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Rodriguez, are referred to herein as the "Class."

81. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

82. There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiff Rodriguez the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

83. The claims of the representative parties are typical of the claims of the class. Plaintiff Rodriguez and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

84. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

85. The common questions of law and fact predominate over questions affecting only individual members.

86. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

87. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

88. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

89. At all times relevant to this action, Defendants were Plaintiff Rodriguez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

90. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

93. Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94. Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

95. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97. Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98. Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

99. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

100. At all times relevant to this action, Defendants were Plaintiff Rodriguez's (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rodriguez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

101. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rodriguez (and the FLSA and Rule 23 class members)less than the minimum wage.

102. Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103. Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE NEW YORK STATE LABOR LAW**

104. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

105. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106. Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107. Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**RODRIGUEZ**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

108. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

109. Defendants failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day

Plaintiff Rodriguez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

110. Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

111. Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE REQUIREMENTS OF THE NEW YORK LABOR LAW)**

112. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

113. Defendants failed to provide Plaintiff Rodriguez with a written notice, in English and in Spanish (Plaintiff Rodriguez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

114. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Rodriguez , Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

115. Defendants are liable to Plaintiff Rodriguez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

116. Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

117. With each payment of wages, Defendants failed to provide Plaintiff Rodriguez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118. As a result of Defendants' failure to furnish accurate statements to Plaintiff Rodriguez, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

119. Defendants are liable to Plaintiff Rodriguez in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rodriguez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA and Rule 23 Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA and Rule 23 Class members;

(d) Declaring that Defendants violated the notice requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rodriguez's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rodriguez and the FLSA and Rule 23 Class members;

(f) Awarding Plaintiff Rodriguez and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Rodriguez and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez and the FLSA and Rule 23 Class members;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez and the FLSA and the Rule 23 Class members;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Rodriguez and the FLSA and Rule 23 Class members;

(k) Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Rodriguez's, (and the FLSA and Rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the tip withholding provisions of the New York Labor Law;

(m) Awarding Plaintiff Rodriguez and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff Rodriguez and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Rodriguez and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Rodriguez and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Rodriguez and the FLSA and Rule 23 Class Members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Rodriguez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 5, 2025

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace

By: Michael A. Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

July 18, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Herminio Rodriguez

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: Herminio Rodriguez

Date / Fecha: July 18, 2025